UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

COLONY INSURANCE COMPANY,

    Plaintiff,

v.                                                 Case No. 8:21-cv-2541-TPB-AAS

COASTAL CONSTRUCTION
MANAGEMENT, LLC, ROSALYNE
HOLDINGS, LLC, WPC III, INC. d/b/a
WINTER PARK CONSTRUCTION
COMPANY, and ASCENTIA
DEVELOPMENT GROUP, INC.,

    Defendants.
_____/

**ORDER GRANTING COLONY'S MOTION
FOR JUDGMENT ON THE PLEADINGS AND DENYING
ROSALYNE'S MOTION TO DISMISS OR STAY**

    This matter is before the Court on "Colony Insurance Company's Motion for Judgment on the Pleadings," filed on May 6, 2022. (Doc. 60). Defendant Rosalyne Holdings, LLC, filed a response in opposition on May 24, 2022. (Doc. 62). Defendant WPC III filed a response in opposition on June 2, 2022. (Doc. 68). Rosalyne Holdings, LLC, moved the Court to dismiss the declaratory judgment action or to stay consideration of the action as it relates to the duty to indemnify. (Doc. 62). Colony Insurance Company filed a response in opposition to that motion on June 7, 2022. (Doc. 69). Based on the motions and responses, the court file, and the record, the Court finds as follows.

## Background

Rosalyne Holdings, LLC ("Rosalyne") filed an action in state court against WPC III, LLC ("WPC"), styled *Rosalyne Holdings, LLC v. WPC III d/b/a "Winter Park Construction Company,"* No. 2017-CA-3299-NC (12th Jud. Cir., Sarasota Cty., Fla.) (the "underlying action"). According to Rosalyne's second amended complaint and its exhibits, Rosalyne hired Forum Architecture & Interior Design, Inc. ("Forum"), as the architect for the construction of a four-story, 228-unit apartment complex in Sarasota, Florida. Rosalyne engaged Ascentia Development Group ("ADG") as the project's developer, and hired WPC as the general contractor, with a guaranteed maximum price of approximately $30 million.

ADG in turn engaged Coastal Construction Management, LLC ("Coastal") under a "Professional Services Agreement" to provide "construction management services" as "construction manager" and "construction consultant." In 2016, Rosalyne and ADG agreed to remove those services from ADG's scope of work and instead to have Rosalyne contract directly with Coastal. Rosalyne and Coastal then entered into a "Letter of Understanding" for Coastal' s services.[1]

Rosalyne contends that the completed project exhibited numerous defects and deficiencies, and in 2017 it filed the underlying action against WPC. Rosalyne's second amended complaint (the "complaint"), filed in October 2019, added Forum

---

[1] The Letter of Understanding attached to the second amended complaint is not executed, but Rosalyne's complaint alleges that the parties nevertheless proceeded under it. Coastal's services under the Professional Services Agreement and Letter of Understanding are more fully discussed below.

and Coastal as defendants. As to Coastal, Rosalyne asserts one count for breach of contract and one count for negligence.

Coastal is an insured under two commercial general liability policies issued by Colony (the "Policies"), and Colony provided a defense to Coastal under a reservation of rights. On October 29, 2021, Colony filed this suit against Coastal, Rosalyne, WPC, and ADG, seeking a declaratory judgment that it has no duty to defend or indemnify Coastal for the claims asserted in Rosalyne's complaint.[2] Colony has moved for judgment on the pleadings based on an exclusion in the Policies for "professional services." Rosalyne and WPC oppose Colony's motion and move to dismiss Colony's declaratory judgment action or to deny the motion as it relates to Colony's duty to defend Coastal and stay consideration of the action as it relates to Colony's duty to indemnify.[3]

## Analysis

Colony's motion argues that the claims asserted by Rosalyne against Coastal in the underlying action fall within the Policies' exclusion for "professional services." For the reasons set forth below, the Court concludes that Colony's legal position is correct and that its motion should be granted. The Court, however, in an abundance of caution, first addresses a procedural issue not raised by the parties.

"Judgment on the pleadings is proper when no issues of material fact exist, and the moving party is entitled to judgment as a matter of law based on the

---

[2] The Court dismissed ADG as a party. (Doc. 43). Colony dismissed Coastal as a party but Coastal has stipulated that it will be bound by the Court's judgment. (Docs. 63; 66).
[3] WPC's response adopted the arguments in Rosalyne's response and motion to dismiss or stay.

substance of the pleadings and any judicially noticed facts." *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010) (internal quotation omitted). Where, as here, the plaintiff is the moving party, the allegations of the complaint are taken as true only to the extent they are consistent with the answer, and a defendant's denial of an alleged material fact will defeat a motion for judgment on the pleadings. *See, e.g., Capitol Specialty Ins. Co. v. West View Apartments, Inc.*, No. 21-11675, 2021 WL 6101663, at *1 (11th Cir. Dec. 22, 2021).

The only material facts necessary to the Court's resolution of Colony's motion are the contents of Rosalyne's complaint in the underlying action and the governing Policies. Neither Defendant's answer denied Colony's allegations regarding Rosalyne's complaint, except to note that Colony failed to attach all the complaint's exhibits, a point not relevant here. The Court takes judicial notice of the contents of Rosalyne's second amended complaint and its exhibits. Fed. R. Evid. 201.

Defendants' answers, however, responded "without knowledge" to Colony's allegations regarding the copies of the Policies attached to its complaint. Despite this pleading issue, neither Defendant has objected to Colony's motion for judgment on the pleadings on this ground, and Defendants refer to and quote the relevant policy language. The Court therefore concludes that Defendants' pro forma "without knowledge" responses do not reflect a genuine dispute and that Defendants have waived any objection to entry of judgment on this ground. *See* Charles A. Wright & Arthur R. Miller, 5C *Fed. Prac. & Proc. Civ.* § 1368 (3d ed.

2022) ("Although a court will not grant a Rule 12(c) motion if a material issue of fact exists, federal judges have been firm in requiring that the issues be genuine and not based on mere pro forma denials or sham or patently false assertions in the pleadings."); *CMZ Enterp., Inc. v. Spyker USA, LLC*, No. 19-61782-CIV, 2020 WL 9458888, at *2 (S.D. Fla. Mar. 2, 2020), *report and recommendation adopted*, 2020 WL 9458640 (S.D. Fla. Mar. 17, 2020) (same).

Nevertheless, in an abundance of caution, the Court will delay entry of final judgment for Colony to allow Rosalyne and WPC time to advise the Court whether there is any genuine dispute as to authenticity or applicability of the Policies attached to Colony's complaint, and whether they object to entry of judgment based on this pleading issue. If either Defendant objects, the Court will direct Colony to file a motion for summary judgment supported by evidence regarding the applicable Policies, and will resolve that motion expeditiously.

The parties are encouraged to keep in mind the dictate of Rule 1 of the Federal Rules of Civil Procedure that the rules be employed by the Court and the parties to secure the just, speedy, and inexpensive determination of every action. By waiving a technical procedural objection on the pleading ground described above, Defendants will not thereby waive for purposes of appeal or otherwise any other properly preserved objection or argument as to this Order or as to the entry of judgment for Colony.

With that preface, the Court now turns to the merits of the parties' dispute.

*Controlling Legal Principles*

When, as here, an insurer relies on an exclusion to avoid coverage, the insurer must show the allegations of the underlying complaint place the claims solely and entirely within the exclusion. *Hartford Accident & Indem. Co. v. Beaver*, 466 F.3d 1289, 1296 (11th Cir. 2006). If the complaint alleges claims within the exclusion and claims outside its reach, the insurer must defend the entire case. *Lime Tree Vill. Cmty. Club Ass'n v. State Farm Gen. Ins. Co.*, 980 F.2d 1402, 1405 (11th Cir. 1993). In determining the insurer's duty to defend, the allegations of the complaint control, even if the actual facts are inconsistent with those allegations. *Lawyers Title Ins. Corp. v. JDC (Am.) Corp.*, 52 F.3d 1575, 1580 (11th Cir. 1995).

Ambiguities in an exclusion are construed against the insurer. *Sphinx Int'l, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 412 F.3d 1224, 1228 (11th Cir. 2005); *State Farm Fire & Cas. Ins. Co. v. Deni Assoc. of Fla., Inc.*, 678 So. 2d 397, 401 (Fla. 4th DCA 1996), *approved*, 711 So. 2d 1135 (Fla. 1998). At the same time, courts should not strain to find ambiguities where none exist or entertain unreasonable interpretations of the policy language. *See, e.g., Sphinx Int'l*, 412 F.3d at 1228 ("[I]f there is no genuine ambiguity, there is no reason to bypass the policy's plain meaning."); *Thomas v. Prudential Prop. & Cas.*, 673 So. 2d 141, 142 (Fla. 5th DCA 1996) ("[O]ur courts should not put strain and unnatural construction on the terms of the policy in order to create uncertainty or ambiguity."). An ambiguity exists only where the relevant policy language is susceptible of more than one reasonable interpretation, after applying the ordinary rules of construction. *See,*

*e.g., Travelers Prop. Cas. Co. of Am. v. Salt 'N Blue LLC*, 731 F. App'x 920, 923-25 (11th Cir. 2018) (citing *Taurus Holdings, Inc. v. U.S. Fidelity & Guar. Co.*, 913 So. 2d 528, 532 (Fla. 2005)).

*Professional Services Exclusion*

The exclusion for professional services at issue here provides, in relevant part:

This insurance does not apply to:

**Professional Services**

any "bodily injury", "property damage" or "personal and advertising injury" arising out of the rendering or failure to render any professional service. This includes but is not limited to:

. . .

(3) inspection, supervision, quality control, architectural or engineering activities done by or for you on a project on which you serve as construction manager;

(4) engineering services, including related supervisory or inspection services;

*The Meaning of "Professional Services"*

That the Policies do not expressly define "professional services" does not render the exclusion ambiguous. *See, e.g., Sphinx Int'l*, 412 F.3d at 1229. The terms "professional" and "professional services" have a commonly understood meaning, which Rosalyne acknowledges in its response: professional services are those that require a high degree of training or proficiency or involve specialized knowledge, skill, or labor that is primarily mental rather than physical. *See* (Doc.

62 at 7-9) (quoting *Westchester Gen. Hosp., Inc. v. Evanston Ins. Co.*, 19-22831-Civ-WILLIAMS/TORRES, 2020 WL 4501947, at *11 (S.D. Fla. May 4, 2020), *report and recommendation adopted*, 2020 WL 6870875 (S.D. Fla. July 13, 2020), *aff'd*, 48 F.4th 1298 (11th Cir. 2022)); *Laboss Transp. Services, Inc. v. Glob. Liberty Ins. Co. of New York*, 208 F. Supp. 3d 1268, 1276-77 (S.D. Fla. 2016)); *see also Auto-Owners Ins. Co. v. E.N.D. Servs., Inc.*, 506 F. App'x 920, 927 (11th Cir. 2013) (holding that home inspection services are professional services because they require "specialized skills and training"); *Travelers Indem. Co. v. Figg Bridge Engineers, Inc.*, 389 F. Supp. 3d 1060, 1071 (S.D. Fla. 2019) ("[P]rofessional services are those which require specialized skill, training, or experience."); *Goldberg v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA.*, 143 F. Supp. 3d 1283, 1297 (S.D. Fla. 2015) ("Although the term 'professional services' is undefined in the Policies, the Court concludes that the term is unambiguous and that banking services constitute professional services."), *aff'd sub nom. Stettin v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 861 F.3d 1335 (11th Cir. 2017).

***Allegations of Rosalyne's Complaint***

The complaint alleges that Rosalyne was engaged as a "construction manager" to provide "construction management services" on a multi-year, $30 million project to construct a 228-unit, four story apartment building. Count XI for breach of contract alleges that Coastal, under a "Professional Services Agreement," undertook and breached duties to "[m]ake site inspections to observe the status of constructive activity, carefully review quality and adherence to finish quality

standards for all components of the Project," and to "[c]oordinate the punch-list process with the design team and [WPC], and manage same, to ensure a finished product of the quality we all require." Under the subsequent Letter of Understanding, Coastal undertook to "be responsible for coordinating and supervising management and administration of the Project and construction of the improvements comprising the Project" and to "ensure quality of workmanship of all [WPC]'s construction work to a standard as described in all parts of [the Direct Contract] for the Project."

Count XII for negligence similarly alleges that Coastal, as the "construction manager/construction consultant/owner's representative," breached its duty to exercise the "reasonable degree of care, skill, knowledge, and judgment in the performance of its services *that is ordinarily employed by building professionals* in this or similar localities under the same or similar circumstances" [emphasis supplied] to ensure that WPC performed in compliance with applicable building codes, industry standards, plans and specifications, and other project documents.

***The Professional Services Exclusion Applies***

Applying the principles set forth above to the language of the exclusion and the allegations of Rosalyne's complaint, the Court concludes the professional services exclusion applies and Colony has no duty to defend or indemnify Coastal. As a matter of common sense, the management, supervision, and quality control activities alleged in the complaint in the context of a construction project of the size and scope alleged are not activities a layperson could undertake. Therefore, reading

the exclusion in context and from the perspective of an ordinary person, *see Goldberg*, 143 F. Supp. 3d at 1293, the Court has no difficulty concluding without extensive analysis that these duties and tasks by their nature require specialized skill, training, and/or experience. *See Witkin Design Group, Inc. v. Travelers Prop. & Cas. Co.*, No. 16-20484-CIV, 2016 WL 7670051, at *10 (S.D. Fla. Dec. 15, 2016) ("The construction of an intersection is not an endeavor that would be undertaken by a lay person. Because the construction of an intersection is an activity that requires specialized skill or training, it constitutes a professional service under the policy and thus, the PS Exclusion applies."), *report and recommendation adopted*, 2017 WL 105918 (S.D. Fla. Jan. 10, 2017), *aff'd*, 712 F. App'x 894 (11th Cir. 2017).[4] As such, the only reasonable conclusion is that Rosalyne's claims against Coastal fall within the exclusion.

Rosalyne tries to avoid this by focusing on the reference in paragraph (3) of the exclusion to "inspection, supervision, [and] quality control" activities performed by the insured as a "construction manager." Rosalyne does not dispute that "inspection, supervision, and quality control" were the very activities Coastal was hired to perform. Rosalyne argues, however, that before the exclusion applies, it must be determined that Coastal performed these functions as a "construction manager," as opposed to a "construction consultant" or an "owner's representative."

---

[4] Rosalyne tries to distinguish *Witkin* because the exclusion in that case expressly defined "professional services" as those "requiring specialized skill or training." *Witkin*, 712 F. App'x at 895. But that is essentially the same definition courts routinely employ when the term "professional services" is not defined in the policy.

This determination, it argues, requires factual development beyond the face of the Policies and the allegations of Rosalyne's complaint.

The Court disagrees, for several reasons. First, Rosalyne's complaint expressly alleges that Coastal acted as a "construction manager" *and* a "construction consultant" in providing its services. The complaint does not suggest these roles could somehow be distinguished or segregated based on the specific services or activities involved.

Second, the Court's conclusion that the exclusion applies is based on the well-recognized meaning of "professional services" as applied to the activities alleged in the complaint. Paragraph (3) does not change that conclusion because it does not *limit* the meaning of "professional services;" it is simply one item in a non-exhaustive list of examples or illustrations introduced by the phrase "includes but is not limited to." *See, e.g., Alabama Educ. Ass'n v. State Superintendent of Educ.*, 746 F.3d 1135, 1151 n.11 (11th Cir. 2014) ("'That is, the word *include* does not ordinarily introduce an exhaustive list . . .'") (quoting A. Scalia, B. Garner, *Reading Law: The Interpretation of Legal Texts* 132 (2012)).

Finally, paragraph (3), if anything, supports the application of the exclusion here because "inspection, supervision [and] quality control" are precisely the types of activities Rosalyne's complaint alleges Coastal undertook to perform. The fact that those activities as listed in the exclusion are linked to Coastal acting as "construction manager" does not mean that the activities themselves would change their character if Coastal were somehow acting solely as a "construction consultant"

or as an "owner's representative." *See Witkin*, 2016 WL 7670051, at *10 (rejecting argument that professional services exclusion did not apply to allegations that insured "negligently constructed the intersection" simply because "construction" did not appear by itself in the exclusion, but only in connection with other terms such as "management"). In any event, the nature of the activities themselves controls, and the activities alleged in the complaint plainly required specialized training and experience. *See Estate of Tinervin v. Nationwide Mut. Ins. Co.*, 23 So. 3d 1232, 1237 (Fla. 4th DCA 2009) (holding that whether an act constitutes a professional service "is determined by focusing upon the particular act itself, as opposed to the character of the individual engaging in the act") (internal quotation omitted).

Accordingly, there is no coverage under the Policies for the claims asserted in Rosalyne's complaint in the underlying action, and Colony has no duty to defend Coastal in that action. Because there is no coverage and no duty to defend, Colony also has no duty to indemnify Coastal. *See Witkin*, 712 F. App'x at 897 ("Thus, the professional services exclusions apply, and Travelers need not defend or indemnify the wrongful death action."); *Trailer Bridge, Inc., v. Illinois Nat'l Ins. Co*, 657 F.3d 1135, 1146 (11th Cir. 2011) ("[A] court's determination that the insurer has no duty to defend requires a finding that there is no duty to indemnify.") (internal quotation omitted); *Fun Spree Vacations, Inc. v. Orion Ins. Co.*, 659 So. 2d 419, 422 (Fla. 3d DCA 1995)). Colony's motion for judgment on the pleadings will therefore be granted, subject to any objection by Defendants regarding the technical pleading

issue discussed above.[5] Rosalyne's motion asking the Court to exercise its discretion to dismiss Colony's request for a declaratory judgment or alternatively to stay this case as it relates to the duty to indemnify will be denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Colony Insurance Company's Motion for Judgment on the Pleadings" (Doc. 60) is **GRANTED.**

2. Rosalyne's "Renewed Motion to Deny Discretionary Jurisdiction or Alternatively to Stay" (Doc. 62) is **DENIED.**

3. The Court declares that that there is no coverage under the Policies as to Rosalyne Holdings, LLC's claims against Coastal Construction Management, LLC, in the action styled *Rosalyne Holdings, LLC v. WPC III d/b/a "Winter Park Construction Company*," No. 2017-CA-3299-NC (12th Jud. Cir., Sarasota Cty. Fla.), and that Colony has no duty to defend Coastal in that action or to indemnify Coastal for any damages awarded to Rosalyne in that action.

4. Defendants are directed to advise the Court in writing on or before November 16, 2022, whether they object to entry of judgment due to the technical pleading issue raised by the Court in this Order. In the absence

---

[5] Rosalyne's and WPC's affirmative defenses are not true affirmative defenses but raise legal points insufficient to forestall judgment. *See* Fed. R. Civ. P. 8(c)(1); *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."); *CMZ Enterp.*, 2020 WL 9458888, at *2 (holding that legally insufficient defenses do not preclude judgment).

of an objection, the Court will enter judgment based on this Order. By declining to object based on the pleading issue described above, Defendants will not thereby waive for purposes of appeal or otherwise any other properly preserved objection or argument as to this Order or as to the entry of judgment for Colony.

**DONE and ORDERED** in Chambers, in Tampa, Florida, this 2d day of November, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**